```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                           CRIMINAL ACTION NO. 2:11-00105

**KEVIN T. ERWIN**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On March 26, 2015, the United States of America appeared by Erik S. Goes, Assistant United States Attorney, and the defendant, Kevin T. Erwin, appeared in person and by his counsel, Lex A. Coleman, Assistant Federal Public Defender, for a hearing on the petition on supervised release submitted by United States Probation Officer Greg Swisher.  The defendant commenced a three-year term of supervised release in this action on February 12, 2013, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on August 25, 2011.

The court heard the admissions of the defendant, the government's proffer with respect to violation number 1 which

was accepted by the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant committed the state and local offenses of domestic battery and public intoxication on July 26, 2014, for which he was arrested after he was observed pushing and striking a female in the head and after he submitted to a breathalyzer test which registered a .102 blood alcohol concentration as evidenced by his admission to the probation officer that he did not dispute the facts set forth in the criminal complaint; (2) the defendant committed the state offense of grand larceny inasmuch as he was arrested on January 3, 2015, after a loss prevention employee at Sears in Charleston, West Virginia observed him conceal items of jewelry in a plastic coffee mug and then leave the store without purchasing the items, after which the loss prevention officer escorted him back into the store and recovered items of jewelry which had a retail value of $1,099.91 and, after a Charleston Police Department officer arrived, a search incident to arrest

2

revealed additional items of jewelry recovered from his pocket with an approximate retail value of $1,229.94, making the total value of stolen merchandise $2,329.85; (3) the defendant failed to notify the probation officer of his change of address inasmuch as on September 24, 2014, the probation officer attempted to make a home contact at the defendant's residence of record and was informed that the defendant no longer lived there and no further information was available; (4) the defendant used and possessed controlled substances as evidenced by a positive urine specimen submitted by him on August 5, 2013, for morphine, the defendant having admitted to the probation officer use of another person's prescription pain medication; a positive urine specimen submitted by him on September 25, 2013, for codeine, hydrocodone, hydromorphone and morphine, the defendant having admitted to the probation officer use of another person's prescription medication; and on December 11, 2014, the defendant signed a voluntary admission form admitting to the illegal use of the prescription drug Opana on December 10, 2014; and (5) the defendant failed to make restitution payments as directed by the court inasmuch as he has failed to make a payment since August 2013, leaving an unpaid delinquent balance of $193.17; all as admitted by the defendant on the record of the hearing with the

exception of (1) and (2) set forth above, the defendant having accepted the government's proffer with respect to its evidence as being sufficient to prove those two violations by a preponderance of the evidence, all as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of THREE (3) MONTHS, to be followed by a term of thirty-three (33) months of supervised release upon the standard conditions of

supervised release now in effect in this district by order entered June 22, 2007, and the condition that the defendant not commit another federal, state or local crime, and the further conditions that the defendant make himself available for drug abuse counseling and treatment as directed by the probation officer and promptly obtain both a fixed place of residence and full-time lawful, gainful employment.  Restitution is reimposed in the amount of $193.17 and the defendant shall make monthly payments at the rate of $50 per month commencing on July 1, 2015, with payment due on the first day of each month thereafter until paid in full.  The probation officer shall, with reasonable dispatch, inform the court if the defendant fails to comply with the conditions of his supervised release.

       The defendant was remanded to the custody of the United States Marshal.

       <u>Recommendation</u>:  The court recommends that the defendant be designated to FCI Gilmer if deemed feasible.

**The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.**

```
                        DATED:  March 31, 2015

                        _____
                        John T. Copenhaver, Jr.
                        United States District Judge
```