```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                           CRIMINAL ACTION NO. 2:11-00105

**KEVIN T. ERWIN**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On January 13 and 21, 2016, the United States of America appeared by Eric P. Bacaj, Assistant United States Attorney, and the defendant, Kevin T. Erwin, appeared in person and by his counsel, Ann Mason Rigby, Assistant Federal Public Defender, for a hearing on the petition on supervised release submitted by United States Probation Officer Greg Swisher.  The defendant commenced a thirty-three month term of supervised release in this action on May 10, 2015, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on March 3, 2015.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant failed to report to the probation office within 72 hours of release from custody inasmuch as he was released on May 10, 2015, and on May 22, 2015, left a voice mail with the probation office stating that he had been released from custody, but provided no further information, the defendant having thereafter failed to report until June 15, 2015; (2) the defendant used and possessed methamphetamine as evidenced by a positive urine specimen submitted by him on June 15, 2015; (3) the defendant failed to file month reports for June, July and August, 2015; (4) the defendant failed to notify the probation officer of his change in residence inasmuch as on August 19, 2015, the probation officer attempted to make a home contact at the defendant's address of record at which time the tenant of the apartment advised the defendant no longer lived there and on August 25, 2015, the probation officer made another visit to the residence and noted the apartment appeared to be unoccupied, and that the electric meter had been removed, rendering the defendant's whereabouts unknown at the time of the filing of the

2

petition on September 10, 2015; (5) the defendant failed to pay restitution as directed by the court inasmuch as he was directed to make monthly payments in the amount of $50 commencing on July 1, 2015, and no payments have been made; and (6) the defendant failed to gain employment during the term of supervised release; all as admitted by the defendant on the record of the hearing and as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violation if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of

**TIME SERVED, to be followed by a term of thirty-one (31) months of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special condition that he participate fully in, and successfully complete, the long-term residential addiction recovery program at Four Seasons Recovery Center in Bluefield, West Virginia, for a period of 9 to 12 months, and follow the rules and regulations of the facility.  The defendant shall be transported by his father directly from his place of incarceration to Four Seasons Recovery Center.  Once released from the program, the defendant shall continue to participate in drug abuse counseling and treatment as directed by the probation officer.**

**Restitution is reimposed in the amount of $193.17 and the defendant shall make monthly payments at the rate of $25 per month commencing on January 1, 2017, with payment due on the first day of each month thereafter until paid in full.**

**The defendant was remanded to the custody of the United States Marshal.**

**The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.**

DATED: January 21, 2016

John T. Copenhaver, Jr.
United States District Judge